UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/5/2021
```

MARK P. MURPHY,

                              Plaintiff,

          -against-

DET. JOSEPH BRACERO; DET. CHAVEZ;
OFFICER JOHN DOE #1; OFFICER JOHN
DOE #2,

                              Defendants.

20-CV-10855 (NSR)

ORDER OF SERVICE

NELSON S. ROMÁN, United States District Judge:

Plaintiff, currently detained at the Westchester County Jail, brings this *pro se* action under 42 U.S.C. § 1983. Plaintiff alleges that at approximately 6:30 a.m. on October 11, 2019, Defendants unlawfully arrested him, and later strip searched him at the police station. By order dated December 28, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP).[1]

**A.      Service on Named Defendants**

Because Plaintiff has been granted permission to proceed IFP, Plaintiff is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

proceeding IFP and could not have served the summons and complaint until the Court reviewed the complaint and ordered that a summons be issued. The Court therefore extends the time to serve until 90 days after the date the summons is issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants Village of Ossining Police Department Detectives Joseph Bracero and Chavez through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these defendants. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these defendants.

Plaintiff must notify the Court in writing if Plaintiff's address changes, and the Court may dismiss the action if Plaintiff fails to do so.

**B.      Valentin Order**

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the complaint, Plaintiff supplies sufficient information to permit the Corporation Counsel for the Village of Ossining to identify Village of Ossining Police Department Detectives John Doe #1 and John Doe #2, who were allegedly present during the events occurring on October 11, 2019. It is therefore ordered that the

Corporation Counsel for the Village of Ossining, which is the attorney for and agent of the

Village of Ossining Police Department, must ascertain the identity and badge number of each

John Doe whom Plaintiff seeks to sue here and the address where those defendants may be

served. The Corporation Counsel for the Village of Ossining must provide this information to

Plaintiff and the Court within sixty days of the date of this order.

Within thirty days of receiving this information, Plaintiff must file an amended complaint

naming the John Doe defendants. The amended complaint will replace, not supplement, the

original complaint. An amended complaint form that Plaintiff should complete is attached to this

order. Once Plaintiff has filed an amended complaint, the Court will screen the amended

complaint and, if necessary, issue an order directing the Clerk of Court to complete the USM-285

forms with the addresses for the named John Doe Defendants and deliver all documents

necessary to effect service to the U.S. Marshals Service.

## CONCLUSION

The Clerk of Court is directed to: (1) complete the USM-285 forms with the addresses for

Detectives Bracero and Chavez and deliver to the U.S. Marshals Service all documents necessary

to effect service; (2) mail a copy of this order to Plaintiff, together with an information package;

and (3) mail a copy of this order and the complaint to Corporation Counsel for the Village of

Ossining, at: 16 Croton Avenue, Ossining, New York 10562.

An "Amended Complaint" form is attached to this order.

SO ORDERED.

Dated:     January 5, 2021
           White Plains, New York

_____
           NELSON S. ROMÁN
           United States District Judge

## DEFENDANTS AND SERVICE ADDRESSES

1.      Detective Joseph Bracero, #448
        Village of Ossining Police Department
        86 Spring Street
        Ossining, New York 10562

2.      Detective Chavez
        Village of Ossining Police Department
        86 Spring Street
        Ossining, New York 10562