UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARK MURPHY,

        Plaintiff,

-against-

DET. JOSEPH BRACERO, et al.,

        Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/30/2022

No. 20 Civ. 10855 (NSR) (AEK)
ORDER ADOPTING REPORT AND
RECOMMENDATION

NELSON S. ROMÁN, United States District Judge:

  Plaintiff Mark P. Murphy, proceeding *pro se*, commenced this action on December 21, 2020 under 42 U.S.C. § 1983, including claims for false arrest and unlawful search in violation of the Fourth Amendment under the U.S. Constitution. (Am. Compl., ECF No. 23.)  This case was referred to Magistrate Judge Andrew E. Krause under 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 72(b)(1).  Presently before the Court is Judge Krause's Report and Recommendation ("R & R") on the Defendants' motion to dismiss for failure to prosecute. (ECF No. 48.)  Therein, Judge Krause recommends the Court to grant Defendants' motion to dismiss. (*Id.*)  For the following reasons, the Court ADOPTS Judge Krause's R & R in its entirety and GRANTS Defendants' motion to dismiss, and dismisses this action with prejudice.

## BACKGROUND

  Plaintiff filed his first complaint on December 21, 2020. (ECF No. 2.)  Plaintiff filed an amended complaint on July 19, 2021. (ECF No. 23.).  On December 16, 2021, the Court referred the matter to Judge Krause for general pretrial supervision, and a status conference scheduling order was issued shortly thereafter.  Plaintiff appeared at the scheduled conference on January 31, 2022, and informed the Court that he was due to be released from prison shortly.  The Court directed Plaintiff to notify the Court of any new address and contact information.

Plaintiff failed to appear at the April 29, 2022 teleconference, and the Court noted at the conference that Plaintiff appeared to have been released from prison in February 2022, according to the New York State Department of Corrections and Community Supervision inmate database. The Court had not received any updated contact information from the Plaintiff, and Defendants' counsel reported that he had not had any communication with Plaintiff, and that the Plaintiff had failed to appear for an April 5, 2022 deposition to which he received notice. The Court rescheduled the status conference to May 12, 2022 and issued another scheduling order. (ECF No. 39.) The scheduling order notified Plaintiff that his failure to appear at the May 12, 2022 conference will result in the Court granting Defendants permission to make a motion to dismiss the action for failure to prosecute. (*Id*.)

All parties failed to appear at the May 12, 2022 conference, and therefore, the Court issued a another scheduling order that set a new conference for May 18, 2022. (ECF No. 40.) The scheduling order was mailed to Plaintiff's address of record and also warned that his failure to appear would result in the Court granting Defendants permission to make a motion to dismiss for failure to prosecute. (*Id*.) Plaintiff, however, failed to appear at the May 18, 2022 conference. Accordingly, the Court granted Defendants permission to file a motion to dismiss and set a briefing schedule. (ECF No. 41.). On July 16, 2022, Defendants filed their motion to dismiss for failure to prosecute and served on Plaintiff at his last-known address. (ECF Nos. 43–46). Plaintiff failed to file opposition papers by the July 8, 2022 deadline. Plaintiff again failed to appear at the conference held on July 20, 2022. During that conference, Defendants' counsel stated that he had not heard from Plaintiff and that the Defendants' motion papers had been returned as undeliverable. As of July 21, 2022, Plaintiff had not made a filing in response to the motion to dismiss nor contacted the Court.

## STANDARD

A magistrate judge may "hear a pretrial matter dispositive of a claim or defense" if so designated by a district court. *See* Fed. R. Civ. P. 72(b)(1); 28 U.S.C. § 636(b)(1)(B). In such a case, the magistrate judge "must enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1); 28 U.S.C. § 636(b)(1). Where a magistrate judge issues a report and recommendation,

> [w]ithin fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.

28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2), (3). However, "[t]o accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)); *see also Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision.") (quoting *Small v. Sec. of HHS*, 892 F.2d 15, 16 (2d Cir. 1989)); Fed. R. Civ. P. 72 advisory committee note (1983 Addition, Subdivision (b) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.")).

To the extent a party makes specific objections to an R & R, a district court must review those parts *de novo*. 28 U.S.C. 636(b)(1); Fed. R. Civ. P. 72(b); *United States v. Mate Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). In *de novo* review, district courts must consider the "[r]eport, the record, applicable legal authorities, along with Plaintiff's and Defendant's objections and replies."

3

*Diaz v. Girdich*, No. 04-cv-5061, 2007 WL 187677, at *1 (S.D.N.Y. Jan. 23, 2007) (internal quotation marks omitted). But to the extent "a petition makes only general and conclusory objections . . . or simply reiterates the original arguments, the district court will review the report and recommendations strictly for clear error." *Harris v. Burge*, No. 04-cv-5Q66, 2008 WL 772568, at *6 (S.D.N.Y. Mar. 25, 2008).  The distinction turns on whether a litigant's claims are "clearly aimed at particular findings in the magistrate's proposal" or are a means to take a "'second bite at the apple' by simply relitigating a prior argument." *Singleton v. Davis*, No. 03-cv-1446, 2007 WL 152136, at *1 (S.D.N.Y. Jan. 18, 2007) (citation omitted).

## DISCUSSION

Judge Krause issued the R & R on July 21, 2022.  The parties had until August 4, 2022 to file objections, but neither filed any.  In the absence of any objections, the Court has reviewed Judge Krause's R&R for clear error and found none.

As Judge Krause more fully discussed in the R&R, Defendants' motion for failure to prosecute should be dismissed under Fed. R. Civ. P. 41(b), which requires plaintiffs to diligently prosecute his or her case. *See Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982). Here, Plaintiff's action should be dismissed because: (i) Plaintiff's failure to prosecute caused a delay of significant duration; (ii) Plaintiff was given notice that further delay would result in dismissal; (iii) Defendants are likely to be prejudiced by further delay; (iv) the Court's interest in reducing docket congestion and freeing limited judicial resources outweighs the need to give Plaintiff more time; and (v) a sanction of dismissal is appropriate.  *Lewis v. Rawson*, 564 F.3d 569, 576 (2d Cir. 2009) (setting out factors that courts consider when considering dismissal for failure to prosecute).

*First*, Plaintiff's failure to prosecute caused a delay of significant duration.  Plaintiff has neglected to prosecute his case since late January 2022.  Plaintiff has failed to appear at multiple conferences and failed to inform the Court or Defendants' counsel of his current contact information, despite being informed of his obligation to do so.  "Courts have found dismissal appropriate for even shorter delays when a party has become completely inaccessible, as inaccessibility strongly suggests that [plaintiff] is not diligently pursuing [his or her] claim." *Caussade v. United States*, 293 F.R.D. 625, 630 (S.D.N.Y. 2013) (internal quotation marks omitted).

*Second*, Plaintiff was given notice that further delays would result in dismissal.  The Court notified the Plaintiff in the May 12 and May 18, 2022 scheduling orders that his failure to appear would result in the Court granting Defendants permission to make a motion to dismiss for failure to prosecute.  (ECF Nos. 39, 40.)  Yet Plaintiff failed to appear at either and all subsequent conferences.  In addition, because the Court does not have a current address for Plaintiff, "any attempt to further warn [P]laintiff[] of [his] responsibilities and the consequences of [his] continued failure to prosecute this action would be futile." *Lukensow v. Harley Cars of New York*, 124 F.R.D. 64, 66 (S.D.N.Y. 1989).

*Third*, Defendants will presumptively be prejudiced by further delays.  "Where a plaintiff has become inaccessible for months at a time, courts presume prejudice." *Caussade v. United States*, 293 F.R.D. 625, 630 (S.D.N.Y. 2013).  The events in which the case is based occurred in October 2019, and any additional passage of time caused by Plaintiff's failure to prosecute may prejudice Defendants.  *See Edwards v. Horn*, No. 10-cv-6194 (RJS) (JLC), 2012 WL 1292672, at *2 (S.D.N.Y. Apr. 13, 2012).

*Fourth*, the Court's interest in freeing up limited judicial resources outweighs the need to give Plaintiff more time. The action has remained inactive because of Plaintiff's failure to appear at conferences or progress with discovery. *See Lukensow*, 124 F.R.D. at 67 ("[T]here can be no assertion by plaintiffs that the dismissal of this action denies them their right to due process and a fair opportunity to be heard. The fact is that this dismissal results from plaintiffs' own conduct. The result could have been avoided by pressing their claim in the adversary proceeding.").

*Lastly*, dismissal is the appropriate sanction in this instance. Plaintiff cannot be given notice of any sanction less than dismissal because he has not provided any method for the Court to contact him. *Lukensow*, 124 F.R.D. at 67 ("In the case at bar, no sanction other than dismissal will suffice. Plaintiffs cannot be contacted by this Court and, therefore, any lesser sanction would be both unenforceable and ineffective in this abandoned action.").

## CONCLUSION

For the foregoing reasons, the Court ADOPTS Judge Krause's R & R in its entirety. Accordingly, the Court GRANTS the Defendants' motion to dismiss for failure to prosecute, and dismisses this action with prejudice. The Court directs the Clerk of Court to terminate the motion at ECF No. 43, terminate the case, and mail a copy of this Order to *pro se* Plaintiff at his last known address on the docket and show proof of service.

Dated: August 30, 2022
      White Plains, NY

SO ORDERED:

HON. NELSON S. ROMAN
UNITED STATES DISTRICT JUDGE